FILED - KZ
October 29, 2024 1:15 PM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
ems  Scanned by ES /10/29

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

1:24-cv-1133

Plaintiff – Latavia Buchanan
4510 A Lilac Lane Apt 70
Kalamazoo, MI 49009

Vs

Robert J. Jonker
U.S. District Judge

Defendants- Kalamazoo Public Safety,

Officer Nikki Kendall

David Boysen

## Complaint

Kalamazoo Public Safety did violate, TITLE 18, U.S.D Section 242 *Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, ... shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.*

Kalamazoo Public Saftey did violate 750.411h Stalking; definitions; violation as misdemeanor; penalties; probation; conditions; evidence of continued conduct as rebuttable presumption; additional penalties.

Sec. 411h.

(1) As used in this section:
(a) "Course of conduct" means a pattern of conduct composed of a series of 2 or more separate noncontinuous acts evidencing a continuity of purpose.

(b) "Dating relationship" means frequent, intimate associations primarily characterized by the expectation of affectional involvement. This term does not include a casual relationship or an ordinary fraternization between 2 individuals in a business or social context.

(c) "Emotional distress" means significant mental suffering or distress that may, but does not necessarily, require medical or other professional treatment or counseling.

(d) "Harassment" means conduct directed toward a victim that includes, but is not limited to, repeated or continuing unconsented contact that would cause a reasonable individual to suffer emotional distress and that actually causes the victim to suffer emotional distress. Harassment does not include constitutionally protected activity or conduct that serves a legitimate purpose.

(e) "Stalking" means a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested.

(f) "Unconsented contact" means any contact with another individual that is initiated or continued without that individual's consent or in disregard of that individual's expressed desire that the contact be avoided or discontinued. Unconsented contact includes, but is not limited to, any of the following:

(i) Following or appearing within the sight of that individual.
(ii) Approaching or confronting that individual in a public place or on private property.
(iii) Appearing at that individual's workplace or residence.
(iv) Entering onto or remaining on property owned, leased, or occupied by that individual.
(v) Contacting that individual by telephone.
(vi) Sending mail or electronic communications to that individual.
(vii) Placing an object on, or delivering an object to, property owned, leased, or occupied by that individual.

Verbal harassment is a form of harassment that primarily involves the use of spoken or written language to belittle, demean, or intimidate another person. This can manifest in various scenarios, such as workplace disputes, public altercations, or even domestic situations. In Michigan, this type of harassment is taken seriously, as the emotional and psychological impact on the victim can be significant.

Kalamazoo public Safety did violate Latavia Buchanan Fouth Amendment Rights, illegal search of her property.

The **Fourth Amendment (Amendment IV)** to the United States Constitution is part of the Bill of Rights. It prohibits unreasonable searches and seizures and sets requirements for issuing warrants: warrants must be issued by a judge or magistrate, justified by probable cause, supported by oath or affirmation, and must particularly describe the place to be searched and the persons or things to be seized.

## Jurisdiction

This Court has jurisdiction over all causes of action set forth in this complaint , as all Plaintiffs and Defendants reside and operate in the District of Michigan. Furthermore, all significant and relevant incidents giving rise to this suit took place in Kalamazoo, Mi County of Kalamazoo, within the jurisdiction of this Court.

## Burden of proof

On October 14, 2024 approximately 2:00 o'clock p.m. Kalamazoo Public Safety along with an outrate individual did make contact with Plaintiff Latavia Buchanan at her residence 4510 lilac lane apt. 70 . Kalamazoo Public Safety Officer did knock on Plaintiff's door with an outrate person. The outrate individual threatened the Plaintiff, Harassed the Plaintiff in front for the Kalamazoo Public Safety Officer.

Kalamazoo Public Saftey allowed the outrate individual (a tall black male ) to say and present threatening behavior toward Plaintiff. After Plaintiff multiple attempts to tell the Officers Plaintiff does not know what's going on, Defendants continued to allow this induvial to harass and threatening Plaintiff.

Plaintiff Latavia Buchanan was completely unaware of the notion to why the Defendants where at her residence. The reason is still unknown to why the Kalamazoo Public Safety Officer brought an outrate individual to Plaintiff's residence furthering the emotional distress, and that actually causes the victim to suffer emotional distress.

On October 17, 2024 Plaintiff's was harassed and threatened by the same individual the Kalamazoo Public Safety Officers brought to Plaintiff's residents while walking her son to the bus stop while there was Kalamazoo Public Safety Police present. The individual told Plaintiff he would "fuck Plaintiff up." The individual told Plaintiff he would shot Plaintiff in the face, while Kalamazoo Public Safety was present.

On October 17, 2024 approximately 8:00 o'clock a.m. Kalamazoo Public Safety did return to Plaintiff's residents in an attempt to enter the residends looking for an indivial that does not live there.

On October 17, 2024 Police continued to harass Plaintiff concerning something that Plaintiff knows nothing about.

## Cause of Action

1. Cause of action against Kalamazoo Public Saftey Officer for violation of MCL 750.411 (d) Harassment when Officer Kendall did contuining to imply Plaintiff knew something when Plaintiff continued to inform Officers, she knew nothing. Buchanan V Crisler 922 N.W. 2d 886 (Mich.ct. App. 2018)

2. Cause of action against Kalamaoo Public Saftey Officers for violation of Title 18 USC., section 242 "color of law" when Officers who where on duty, did willfully and knowly did allow an indivial to threatening and harass Plaintiff. United States V Price, 383 U.S 787 (1966)

3. Cause of action against Kalamazoo Public Safety for violation of Plaintiff Forth Amendment Rights, when Kalamazoo Public Safety did search Plaintiff Latavia Buchanan Property on October 17, 2024 approximately 8:00 o'clock a.m. of her car and at her residents. Katz V United States, 389 U.S 347 (1967).

4. Cause of action against Kalamazoo Public Safety for violation of MCL 750.411(d) Harassment when Defendants continue to knock at Plaintiff's door allegedly looking for an individual that does not reside at Plaintiffs residents. Chambers V Trettco, Inc 614 N.W. 2d 910 (2000) 463 Mich. 297.

5. Cause of action against Kalamazoo Public Safety for violation of Title 18 U.S.C. section 242 "color of law" when Defendants willfully and knowingly allowed an individual to threaten and harass Latavia Buchanan again on October 17, 2024 while Defendants were on duty with the Kalamazoo Public Safety. Koon V United States, 518 U.S. 81 (1996)

## Damages

Plaintiff seeks relief from damages caused by Kalamazoo Public Safety when Defendants violated Plaintiff Forth Amendment Rights. Plaintiff seeks relief in the amount of 50,000 USD for violation of Plaintiff Rights. McShane V Moldovan 172 F.2d 1016 (6th Cir 1949)

Plaintiff seeks relief for damages in the amount of 50,000 USD for violation of MCL.750.411 (d) when Defendants continuedly Harassed Plaintiff, and allowed citizens to threatened Plaintiff.

Plaintiff seeks relief for damages in the amount of 50,000 USD for violation of Title 18 U.S.C. section 242 "color of law" when Kalamazoo Public Safety allowed induvial to threatened and harass Plaintiff.

Plaintiff seeks relief for damages in the amount of 50,000 USD for violation of resited in this complaint, because Defendants are liable, because Defendants willfully and knownily violated Plaintiff rights.

Latavia Buchanan
4510-A Lilac Lane apt 70
Kalamazoo, MI 49009