UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAVIA BUCHANAN,

    Plaintiff,

v.

KALAMAZOO DEPARTMENT OF
PUBLIC SAFETY, NIKKI KENDALL, and
DAVID BOYSEN,

    Defendants.

Case No. 1:24-cv-1133

Hon. Robert J. Jonker

_____/

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff Latavia Buchanan.  For the reasons set forth below, this complaint should be dismissed.

**I.  Plaintiff's claims**

Plaintiff's complaint does not identify the defendants.  In the case caption, plaintiff lists Kalamazoo Public Safety (presumably the Kalamazoo Department of Public Safety (KDPS)), Officer Nikki Kendall, and David Boysen.  Compl. (ECF No. 1, PageID.1).   Plaintiff alleged two incidents in the recital of facts set forth in her so-called "Burden of Proof".

The first incident occurred on October 14, 2024, when KDPS "along with an outrate [sic] individual" contacted plaintiff at her residence.  Compl. at PageID.3.  The individual, "a tall black male" threatened and harassed plaintiff in front of the KDPS Officer.  *Id*.  Plaintiff does not know why KDPS brought the individual to her residence.  *Id*.

The second incident occurred on October 17, 2024, when the same individual harassed and threatened plaintiff while she was walking her son to a bus stop "where there was

Kalamazoo Public Safety Police present." *Id*.  At that time, with police present, the individual told plaintiff that he would "f - - k Plaintiff up" and shoot her in the face.  *Id*.  At 8:00 o'clock a.m. KDPS returned to plaintiff's residence "looking for an indivial [sic] that does not live there." *Id*. On that date, "Police continued to harass Plaintiff concerning something Plaintiff knows nothing about". *Id*.

Plaintiff sets out the following causes of action based on these sparse allegations. First, "Kalamazoo Public Saftey [sic] Officer for violation of MCL 750.411(d) Harassment when Officer Kendall did contuining [sic] to imply Plaintiff knew something when Plaintiff continued to inform Officers, she knew nothing."  Compl. at PageID.4.  Second, KDPS officers violated 18 U.S.C. § 242 when they allowed an individual to threaten and harass plaintiff.  *Id*.  Third, KDPS violated plaintiff's Fourth Amendment Rights when it searched her car and residence on October 17, 2024.  *Id*.  Fourth, KDPS violated M.C.L. § 750.411(d) (Harassment) "when Defendants continue to knock at Plaintiff's door allegedly looking for an individual that does not reside at Plaintiffs [sic] residents [sic]."  *Id*.  Fifth, KDPS violated 18 U.S.C. § 242 when defendants willfully and knowingly allowed an individual to threaten and harass plaintiff on October 17, 2024 while defendants were on duty.  *Id*.  Plaintiff appears to seek $200,000.00 of damages from defendants.  *Id*.

## II.    Discussion

The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. *See* Order (ECF No. 4).  For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]"  In determining whether a complaint should be dismissed for failure to state a

claim under § 1915(e)(2)(B)(ii), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678   (internal citations and quotation marks omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

Here, plaintiff has made only vague and conclusory claims against defendants. The gist of plaintiff's claim is that KDPS Officers allowed an unidentified man to harass and threaten her and then conducted an unconstitutional search of plaintiff's residence. As an initial matter, two of plaintiff's claims allege violations of a federal criminal statute, 18 U.S.C. § 242 (Deprivation of rights under color of law). These claims are meritless because there is no private

3

right of action under 18 U.S.C. § 242.  *See United States v. Oguaju*, 76 Fed. Appx. 579, 581 (6th Cir. 2003); *Weathers v. Holland Police Department*, No. 1:13-cv-1349, 2015 WL 357058 at *3 (W.D. Mich. Jan. 27, 2015).

Next, plaintiff refers to an alleged Fourth Amendment violation. The Fourth Amendment, which is applicable to the states through the Fourteenth Amendment, protects "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. Amend. IV. The Court construes this constitutional claim as brought pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem*, Ohio, 378 F.3d 566, 576 (6th Cir. 2004).  To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law.  *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Here, plaintiff claims that defendants violated her Fourth Amendment rights when KDPS searched her car and residence on October 17, 2024.  However, plaintiff did not set forth any facts to establish a constitutional violation arising from the search of a car or her residence. As discussed, the complaint made only a cursory reference to KDPS returning to her residence "in an attempt to enter the residends [sic] looking for an indivial [sic] that does not live there". PageID.3.

Finally, plaintiff's "harassment" claims are based on Michigan state law.  Section 1983 does not provide redress for a violation of a state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995).

In summary, plaintiff's complaint does not state a federal cause of action against any defendant that is plausible on its face.  Rather, the complaint consists of nothing more than "unadorned, the – defendant[s] - unlawfully - harmed - me accusation[s]" which are not sufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678.  Accordingly, the complaint should be dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.    RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.


Dated: April 17, 2026                        /s/ Ray Kent
                                             RAY KENT
                                             United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).